## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MCKINLEY WILLIAMS,
*ADC #146148*                                                              **PLAINTIFF**

v.                                    **No. 5:13-cv-47-DPM-JTR**

BANKS, Warden, Varner Unit,
Arkansas Department of Correction, *et al.*                **DEFENDANTS**

## ORDER

1.      Williams filed this *pro se* § 1983 action alleging that the Defendants

violated his constitutional rights while he was in the Varner Unit of the

Arkansas Department of Correction. № 1, 5, & 7. The Court must screen

Scott's complaint. 28 U.S.C. § 1915A.

2.      Scott alleges that Capps, Gibson, and Byers failed to protect him

from being attacked by two prisoners. Scott has stated a viable failure-to-

protect claim for monetary damages against those three Defendants, in their

individual capacities only.  They will therefore be served.

3.      The Clerk is directed to prepare a summons for Defendants

Capps, Gibson, and Byers.  The U.S. Marshal is directed to serve the

summons, complaint, addendum, amended complaint, and this Order on

them through the ADC Compliance Division without prepayment of fees, costs, or security.  If any of these Defendants is no longer an ADC employee, the individual responding to service must file the unserved Defendant's last-known private mailing address under seal.

**4.**      Scott does not seek injunctive or equitable relief against Capps, Gibson, or Byers. His official-capacity claims are therefore dismissed without prejudice.  *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. Arkansas*, 127 F.3d 750, 754-55 (8th Cir. 1997).

**5.**      Scott has not pleaded any facts suggesting that Banks or Jones was aware that there was inadequate security or that either one personally participated in the events giving rise to the attack.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007).  Instead, Scott alleges that *after* the attack, Banks and Jones failed to conduct an adequate investigation.  But any post-attack failures could not have been the proximate cause of Scott's injuries.  *Farmer v. Brennan*, 511 U.S. 825, 838 (1994); *Schuab v. VonWald*, 638 F.3d 905, 921 (8th Cir. 2011); *Latimore v. Widseth*, 7 F.3d 709, 716 (8th Cir. 1993).  Similarly, Scott does not have a constitutional right to enforce internal prison

rules dictating how the investigation should have been conducted. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

Finally, Scott alleges that Jones issued him a false disciplinary for his involvement in the altercation and, as a result, he lost an unspecified number of good-time credits. That claim can only be raised in a § 2254 habeas action after Scott has exhausted all of his available state remedies. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 477-79 (1994); *Portley -El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002). Scott's claims against Jones and Banks are dismissed without prejudice.

\* \* \*

Scott may proceed with his failure-to-protect claim against Capps, Gibson, and Byers in their individual capacities. Service is ordered on those Defendants on that claim only. All other claims and Defendants are dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

D.P. Marshall Jr.
United States District Judge

17 April 2013