# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MCKINLEY WILLIAMS,
ADC #146148                                                                                    PLAINTIFF

V.                                    5:13CV00047 DPM/JTR

CLARENCE CAPPS,
Correctional Officer, Varner Unit, ADC, et al.                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

On April 8, 2011, Plaintiff, McKinley Williams, was stabbed by two other inmates while they were prisoners in the Varner Unit of the Arkansas Department of Correction ("ADC"). *Docs. 1 & 7.* Williams has filed this *pro se* § 1983 action

alleging that Defendants Correctional Officers Clarence Capps, James Gibson, and Jared Byers failed to protect him from that attack by improperly allowing the assailants into the shower area, inadequately screening them for weapons, and failing to promptly stop the attack. *Id.*

Defendants have moved for summary judgment on the issue of exhaustion, and Plaintiff has responded.[1] *Docs. 19, 20, 21, 25, & 26.* For the following reasons, the Court recommends that the Motion be granted, and that the case be dismissed, without prejudice.

## II. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit,

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully exhaust administrative remedies within the ADC, a prisoner must file: (1) an informal resolution with the designated problem solver within fifteen days of the incident; (2) a grievance with the Warden within three days of the denial of the informal resolution; and (3) an appeal to the ADC Deputy/Assistant Director within

five days of the Warden's denial of the grievance. *Doc. 21, Ex. 1* (ADC Adm. Dir. 10-32 § IV(E) through (G)). The ADC exhaustion policy requires inmates to "specifically name each individual" involved in the grieved matter, and it advises prisoners that their federal lawsuit may be dismissed if they fail to properly do so. *Id.* (§ IV(C)(4), (E)(2), and (N)). Additionally, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *Id.*

The parties agree that Grievance WHM-12-0063 is the only grievance Plaintiff filed about the April 8, 2011 attack. *Docs. 20 & 26*. In that grievance, which was filed on November 19, 2012, Plaintiff alleged that *unspecified* individuals failed to protect him from being stabbed. *Doc. 21, Ex. 4*. Importantly, Plaintiff did not mention Defendants Capps, Gibson, or Byers. *Id.* Additionally, he did not explain how any ADC officials allegedly failed to prevent the April 8, 2011 attack. *Id.* Instead, Plaintiff merely stated that there was a "breach of security," without any further explanation. *Id. at 3*.

ADC officials rejected Grievance WHM-12-0063 because it was filed *seven months* after the April 8, 2011 attack, instead of within fifteen days as required by the ADC's exhaustion policy. *Id.* On appeal, Plaintiff argued that: "There shouldn't be no/none grievable situation when your life is on the line something needs to happen

or its going to keep happing. My life could have been taken."[2] *Id. at 4.* Although he had the opportunity to do so, Plaintiff did not explain why his grievance was untimely filed. ADC officials affirmed the rejection of Grievance WHM-12-0063 as being untimely filed, *without reaching or deciding the merits* of Plaintiff's failure to protect claim. Thus, Grievance WHM-12-0063 is not proper exhaustion of the failure to protect claim Plaintiff has raised against Defendants Capps, Gibson, and Byers. *See Jones,* 549 U.S. at 218 (requiring prisoners to comply with the procedural rules of the incarcerating facility); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (holding that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits").

Plaintiff alleges that he should be excused from the PLRA's exhaustion requirement because unspecified ADC officials prevented him from timely filing a grievance about the April 8, 2011 attack. *See Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (holding that "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies"); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001)

---

[2] The Court construes this statement to mean that Plaintiff subjectively and incorrectly believed he should not be required to use the exhaustion process regarding a failure to protect claim. However, the PLRA "does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures" have been exhausted. *Lyon,* 305 F.3d at 809; *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

(same).  Specifically, Plaintiff contends that, immediately after the April 8, 2011 attack, he was placed on lock down status in the "Supermax Housing Unit" where unspecified guards refused to provide him with any grievance forms.  *Doc. 25 at 2.*  After "several months," Plaintiff was transferred from the Supermax Housing Unit to the Wrightsville Unit where he was able to obtain grievance forms and file Grievance WHM-12-0063.  *Id.*

The Court finds no merit to Plaintiff's argument.  First and foremost, Plaintiff has *not* provided *any evidence* to support his extraordinary allegation that, *for seven consecutive months*, unspecified ADC guards in the Supermax Housing Unit refused to provide him with any grievance forms.  *See* Fed. R. Civ. P. 56(c)(explaining that, to defeat summary judgment, the nonmoving party must produce admissible evidence demonstrating that there is a genuine factual dispute); *Frevert v. Ford Motor Co.,* 614 F.3d 466, 473-74 (8th Cir. 2010) (holding that, to avoid summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor").

Additionally, Plaintiff *did not mention* his alleged lack of access to grievance forms when he appealed the rejection of  Grievance WHM-12-00063 as being untimely filed.  In fact, he did not *offer any explanation* as to why he waited seven months to file a grievance about the April 8, 2011 attack.  Instead, Plaintiff's sole

argument on appeal was that he should not be required to use the exhaustion process, at all, in connection with a failure to protect claim. It simply defies credulity to believe that, if Plaintiff had been denied access to grievance forms for seven consecutive months, he would not have forcefully raised that issue in his appeal of the denial of Grievance WHM-12-0063 on the ground that it was *untimely*.

Finally, in addition to being untimely, Grievance WHM-12-0063 was procedurally flawed because it did not name *any* of the Defendants or explain how any ADC officials allegedly failed to prevent the April 8, 2011 attack. Thus, even if WHM-12-0063 had been timely filed, it would not have provided ADC officials with the information necessary to conduct an adequate investigation of the failure to protect claims Plaintiff is raising against Defendants in this lawsuit. *See Jones,* 549 U.S. at 219 (explaining that one of the purposes of the PLRA's exhaustion requirement is to give prison officials an adequate opportunity to investigate and correct a prisoner's complaints prior to being sued in federal court).

Thus, Plaintiff's failure to protect claim against Defendants Capps, Gibson, and Byers should be dismissed, without prejudice, because he failed to timely and properly exhaust his administrative remedies. *See Jones,* 549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Defendants' Motion for Summary Judgment (Doc. 19) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to fully and properly exhaust his administrative remedies.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 16th day of September, 2013.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE